LLOYD C. THURSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5944. Promulgated May 10, 1928.

*Lloyd C. Thurston* pro se.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

## OPINION.

Love: It is the petitioner's contention that the 15 shares of stock of the Bankers Audit & Appraisal Co. were issued to him merely for the convenience of Daniels and that inasmuch as the amount of $1,806.06, or any amount, was not received by him at any time from the corporation, he is not taxable thereon.

The petitioner does not challenge the Commissioner's determination that the Bankers Audit & Appraisal Co. was a personal service corporation. The evidence shows that he was during 1920 and subsequent thereto a record stockholder of 15 shares of the corporation's stock. Petitioner testified with respect to the acquisition of the stock in question as follows:

Q. Those fifteen shares of stock were issued to you?

A. Yes, sir. They were turned over to me and I held them, but there was no money nor no consideration at all given for the stock, and Daniels stated that he turned this stock over to me and gave it to me, because he wanted me to be one of the officers, so he could run things the way he wanted to.

There is nothing in the record to indicate that he would have been unable to enforce his rights as a stockholder. Consequently, on the record we must hold that, at the close of the year 1920, petitioner was entitled to share in the undistributed net income of the corporation and, under such circumstances, he was, under the provisions of section 218 (e) of the Revenue Act of 1918, required to report his respective share in his gross income.

The fact that petitioner did not receive the amount in question or any other amount, in our opinion, has no bearing on the question of tax liability for the year 1920. As far as the record shows, he was entitled to share in the net income of the corporation at the close of 1920. It is true, of course, that a loss may have been sustained later.

*Judgment will be entered for the respondent.*